UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER LOCKETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-cv-01297-JPH-TAB |
| M. BENEVIDES, et al., | ) ) ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Christopher Lockett is a prisoner currently incarcerated at Pendleton Correctional Facility ("Pendleton"). He filed this civil action alleging violations of his civil rights. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual

1

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Lockett's complaint names six Pendleton defendants: Sgt. M. Benevides, Sgt. C. Wargny, and Ofcs. Raifu, Oseola, Bashua, and Oralesi.  Mr. Lockett alleges the following in his complaint, which the Court accepts as true at the pleading stage.  *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).  On July 17, 2024, Ofcs. Raifu and Osealo came to Mr. Lockett's cell to escort him to receive his insulin shot.  He held his cuff port because he wanted Sgt. Benevides to come to his cell and speak to him.  Ofc. Raifu shut both of Mr. Lockett's arms in the cuff port. When Sgt. Benevides arrived, Mr. Lockett said that he wanted to speak to him.  Sgt. Benevides sprayed Mr. Lockett in the face with a chemical agent.  Mr. Lockett was left in his cell for 50 minutes before he received a decontamination shower.  That same day, Mr. Lockett wrote to Sgt. Wargny and asked her to preserve the camera footage of the incident, and St. Wargny did not do so.  Mr. Lockett seeks punitive damages, compensatory damages, and monetary relief.

2

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, any claims against Defendant Wargny are **dismissed** for failure to state a claim upon which relief can be granted. Mr. Lockett alleges only that Defendant Wargny failed to preserve certain camera footage at his request. Dkt. 1 at 3. This allegation is insufficient to support any cognizable constitutional deprivation.

Second, any failure-to-protect claims against Defendants Raifu, Oseola, Bashua, and Oralesi are **dismissed** for failure to state a claim upon which relief can be granted. Mr. Lockett includes no factual allegations about these officers' failure to protect him from harm. Rather, he offers only the following conclusory sentence: "Officers Raifu, Oseola, Bashua, and Oralesi failed to protect." This bare legal conclusion is insufficient to state a claim. *See Ashcroft*, 556 U.S. at 678 (a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do").

The claims which shall **proceed** are the following: (1) Eighth Amendment excessive force claim against Ofc. Raifu based on the allegation that he forcefully closed a cuff port on Mr. Lockett's arms; (2) Eighth Amendment excessive force claims against Sgt. Benevides based on the allegation that he unnecessarily sprayed Mr. Lockett in the face with a chemical agent; and (3) Eighth Amendment deliberate indifference claim against Sgt. Benevides based

on the allegation that he knew Mr. Lockett was suffering from the effects of the OC spray yet made him wait 50 minutes to take a decontamination shower.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through December 10, 2024,** in which to identify those claims.

The **clerk is directed** to terminate Defendants Wargny, Oseola, Bashua, and Oralesi as defendants on the docket.

### IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Officer Raifu and Sergeant M. Benevides in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 11/14/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHRISTOPHER LOCKETT
903486
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronic service to Indiana Department of Correction:
    Sergeant M. Benevides
    Officer Raifu
    (Both at Pendleton Correctional Facility)