UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LOCKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01297-JPH-TAB |
| | ) | |
| M. BENEVIDES,<br>BASHUA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT BASHUA'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Christopher Lockett alleges that the Defendants violated his Eighth Amendment rights by using excessive force. *See* dkt. 22. Defendant Ofc. Bashua moved for summary judgment. For the reasons below, the Court **GRANTS** the motion for summary judgment, dkt. [60]. Mr. Lockett has also filed two motions for default judgment, dkts. [45], [48], a motion for settlement conference or to set trial, dkt. [64], and a motion for case status, dkt. [69], which are addressed below.

## I. Mr. Lockett's Motions for Default Judgment, Settlement Conference or Trial, and Case Status

On November 13, 2025, the Clerk entered default against Defendant Sgt. Benevides. Dkts. 46, 47. The Court ordered Mr. Lockett to file a motion for default judgment under Federal Rule of Civil Procedure 55(b)(2) and provide evidence of the damages he seeks against Sgt. Benevides. Dkt. 46 at 2–3. Mr. Lockett filed two motions for default judgment, neither of which provide evidence

of damages. Instead, both motions reiterate the claims in the amended complaint against Sgt. Benevides and request that the Court enter default judgment.

When a court enters default under Rule 55(a), "the well-pleaded allegations of a complaint relating to liability are taken as true." *VLM Food Trading Int'l., Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). While the Court must accept as true allegations relating to liability, "damages must be proved unless they are liquidated or capable of calculation." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). Indeed, the complaint's allegations regarding the amount of damages are not deemed to be true. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

This means that the Court may not enter default judgment as to Sgt. Benevides until Mr. Lockett provides evidence of damages. If the amount claimed cannot be ascertained by documentary evidence, the Court must conduct an evidentiary hearing. *See id.* ("[J]udgment by default may not be entered without a hearing on damages unless 'the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'").

Accordingly, the Court **denies** Mr. Lockett's motions for default judgment, dkts. [45], [48] **without prejudice**. Mr. Lockett shall have **through October 16, 2026** to refile his motion for default judgment and provide evidence of damages, such as an affidavit or documentary evidence. If Mr. Lockett instead believes that an evidentiary hearing will be required to prove damages, his motion for default judgment must include a witness list with a summary of each witness's

anticipated testimony, and an exhibit list. If Mr. Lockett does not renew his motion for default judgment by the deadline, **the Court will dismiss Mr. Lockett's claims against Sgt. Benevides without prejudice for failure to prosecute and enter final judgment in this matter**.

Mr. Lockett's motion for settlement conference or trial asks the Court to order a settlement conference or trial because Sgt. Benevides did not respond to the amended complaint. That motion is denied because, as explained above, Mr. Lockett is instead required to file a motion for default judgment to proceed against Sgt. Benevides. Dkt. [64]. Mr. Lockett's motion for case status is granted to the extent that the Court issues this order. Dkt. [69].

## II. Motion for Summary Judgment

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

Mr. Lockett failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant 'still [has] to show that summary judgment [is] proper given the undisputed facts,'" *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011), "with those facts taken as usual in the light most favorable to the nonmovant." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021).

**A. Factual Background**

Because Ofc. Bashua moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to Mr. Lockett and draws all reasonable inferences in his favor. *Khungar*, 985 F.3d at 572–73.

Mr. Lockett is an inmate in the custody of the Indiana Department of Correction ("IDOC"). During the events in this lawsuit, Mr. Lockett was incarcerated in G Cellhouse, a restricted housing unit, at Pendleton Correctional Facility. Dkt. 61-1 at 10:2-6 (Lockett Dep.). Ofc. Bashua was a correctional officer at Pendleton during the events in this lawsuit.

On July 17, 2024, Mr. Lockett went to the medical unit for diabetic treatment. Dkt. 61-1 at 5:6-11, 6:19-7:11. Mr. Lockett asked correctional officers to let him speak to Sgt. Benevides when he got back to his cell. *Id.* at 6:19-7:11. Mr. Lockett was told that he had to wait, but he ignored the instructions and held onto the cuff port, refusing to remove his arms after correctional officers uncuffed him. *Id.* at 8: 1-16. Ofc. Bashua told Mr. Lockett to remove his arms from the cuff port, but he refused and again asked to speak with Sgt. Benevides. *Id.* Ofc. Bashua "grabbed the cuff port and slammed both [Mr. Lockett's] arms in it." *Id.* at 7:3-4. Ofc. Bashua held the cuff port closed for about three seconds. *Id.* at 11:22–12:1

Mr. Lockett kept his arms in the cuff port until Sgt. Benevides arrived about five minutes later. *Id.* at 7:4-6, 12:13-15. When Sgt. Benevides arrived, he sprayed Mr. Lockett with OC spray and then walked away. *Id.* at 7:8-11.

**B. Discussion**

Ofc. Bashua argues that summary judgment should be granted because he did not use excessive force, he is entitled to qualified immunity, and because Mr. Lockett did not suffer recoverable damages. The Court begins with qualified immunity.

**1. Qualified Immunity Standard**

"[Q]ualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). Although qualified immunity is an affirmative defense, plaintiffs have the burden of defeating it once defendants raise it. *Archer v. Chisolm*, 870 F.3d 603, 613 (7th Cir. 2017). Thus, to overcome the defense, Mr. Lockett must show that: (1) Ofc. Bashua violated his statutory or constitutional rights; and (2) the right was clearly established at the time of the challenged conduct. *Sabo v. Erickson*, 128 F.4th 836, 843 (7th Cir. 2025). Courts may exercise their discretion to choose which element to address first. *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)). The Court begins and ends its analysis with the second element because it is dispositive.

To be "clearly established," a constitutional right "must have a sufficiently clear foundation in then-existing precedent." *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018). "Existing precedent must place the constitutional or statutory question beyond debate" so that "every reasonable official would understand that what he is doing is unlawful." *Sabo*, 128 F.4th at 844. Given this emphasis on notice, clearly established law cannot be framed at a "high level of generality." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). Doing so evades the crucial question "whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard,* 572 U.S. 765, 779

(2014). The right has been defined "too generally if the unlawfulness of the officer's conduct does not follow immediately from the conclusion that [the rule] was firmly established." *Sabo*, 128 F.4th at 844. "The Supreme Court's message is unmistakable: Frame the constitutional right in terms granular enough to provide fair notice because qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Campbell v. Kallas*, 936 F.3d 536, 546 (7th Cir. 2019) (cleaned up).

To meet his burden on this element, Mr. Lockett must "show either a reasonably analogous case that has both articulated the right at issue and applied it to a factual circumstance similar to the one at hand, or that the violation was so obvious that a reasonable person necessarily would have recognized it as a violation of the law." *Leiser v. Kloth*, 933 F.3d 696, 701 (7th Cir. 2019). Meeting that burden "is a 'do or die' requirement for the plaintiff's suit. If a plaintiff fails to identify analogous precedent clearly establishing the law, the district court must grant summary judgment for the defendant." *Villalobos v. Picicco*, 168 F.4th 1057, 1063 (7th Cir. 2026); *accord Thomas v. Carmichael*, 164 F.4th 1058, 1067 (7th Cir. 2026).

**2. Application**

The Eighth Amendment protects inmates from cruel and unusual punishment, including excessive force. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). This rule does not bar *de minimis* force unless the force is repugnant to the "conscience of mankind." *Wilkins v. Gaddy*, 559 U.S. 34, 37−38 (2010) (per curiam). Even if the force applied is not *de minimis*, it remains

permissible if used "in a good-faith effort to maintain or restore discipline." *McCottrell*, 933 F.3d at 664. But malicious or sadistic force—even if it does not cause a serious injury—is prohibited. *Id.* To distinguish between good-faith and malicious force, courts consider the following factors:

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.

*Id.* at 663 (citing *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). Additionally, to survive summary judgment, a plaintiff must present evidence supporting "a reliable inference of wantonness in the infliction of pain." *Whitley*, 475 U.S. at 322.

Here, Ofc. Bashua argues that he is entitled to qualified immunity because there are no closely analogous cases clearly establishing that a correctional officer would violate the Eighth Amendment by briefly closing the cuff port on the arms of an inmate who was actively refusing an order to remove his arms. Dkt. 62 at 12–13. Mr. Lockett has not responded and thus has not carried his burden of pointing to closely analogous precedent. *See Villalobos*, 168 F.4th at 1063; *accord Thomas*, 164 F.4th at 1067.

Indeed, caselaw in the Seventh Circuit tends to establish that Ofc. Bashua's conduct would *not* violate the Eighth Amendment because the three second hold was *de minimis* and did not cause significant pain or identifiable injuries. For example, in *Outlaw v. Newkirk*, 259 F.3d 833, 839–40 (7th Cir.

2001), the Seventh Circuit affirmed summary judgment for a correctional officer who closed a cuff port on a prisoner's hands, causing minor superficial injuries. The facts in this case are almost identical. *See also Jones v. Anderson*, 116 F.4th 669, 677–78 (7th Cir. 2024) (affirming summary judgment for correctional officers who used minimal force to handcuff and restrain a prisoner in a restraint chair when the video footage did not show any evidence of pain and the record showed no evidence of injury); *Small v. Pittman*, 2026 WL 2036277 at *2 (7th Cir. July 15, 2026) (nonprecedential) (affirming summary judgment for correctional officer who closed a cell door on a non-compliant prisoner's foot, causing minimal swelling and pain).

Additionally, the Seventh Circuit has held that non-*de minimis* force does not violate the Eighth Amendment when it is used in a good faith effort to restore order. *McCottrell*, 933 F.3d at 662. For example, in *Whitaker*, the Seventh Circuit affirmed summary judgment for a correctional officer who deployed a single spray of mace to get the plaintiff to comply with his orders to stop spilling blood on staff members. 144 F.4th at 923. Here, Ofc. Bashua momentarily closed the cuff port on Mr. Lockett's arms to gain his compliance with the order to remove his arms so that he could close the cuff port. Clearly established precedent therefore does not show that Ofc. Bashua violated Mr. Lockett's rights.

In the absence of reasonably analogous precedent, Mr. Lockett has not shown that Ofc. Bashua's conduct was "so egregious that it is an obvious violation of a constitutional right." *Leiser*, 933 F.3d at 701. Instead, the circumstances here align with cases where the Seventh Circuit has found that

defendants did not use excessive force. Ofc. Bashua is therefore entitled to summary judgment based on qualified immunity.

## III. Conclusion

Mr. Lockett's motions for default judgment, dkts. [45], [48], are **DENIED WITHOUT PREJUDICE**. Mr. Lockett shall have **through October 16, 2026** to file a motion for default judgment, following the instructions in this order. If Mr. Lockett does not renew his motion for default judgment by the deadline with the required supporting materials as ordered, **the Court will dismiss Mr. Lockett's claims against Sgt. Benevides without prejudice for failure to prosecute and enter final judgment in this matter**. The motion for settlement conference or to set trial, dkt. [64], is **DENIED**. The motion for case status, dkt. [69], is **GRANTED** to the extent that the Court issues this order.

Defendant Ofc. Bashua's motion for summary judgment, dkt. [60], is **GRANTED.** The **clerk is directed** to remove Ofc. Bashua as a Defendant on the docket.

**SO ORDERED.**

Date: 8/24/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHRISTOPHER LOCKETT
903486
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

M. BENEVIDES
1015 S. 25th St.
New Castle, IN 47362

All ECF-registered counsel of record via email